UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8664 DMG(JC) | Date | July 8, 2015 |
|---|---|---|---|
| Title | Harolyn Rhue v. Signet Domain LLC, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| none | none | |

**Proceedings:**   (IN CHAMBERS)

**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) SUBMITTING AND DENYING MOTION TO DISMISS AS MOOT (DOCKET NO. 27)**

**I.   Background and Summary**

On November 22, 2013, Plaintiff Harolyn Rhue ("Plaintiff" or "Rhue"), who is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*, filed the operative Complaint ("Complaint" or "Current Complaint") asserting multiple claims against Signet Domain LLC ("Signet Domain") and Sam Nam ("Nam") (collectively "Defendants" or "Named Defendants") and Does 1-10, inclusive. Plaintiff's claims appear to be predicated on actions assertedly taken by Defendants in connection with property located at 267 Laurel Drive Avenue, Altadena, California 91001 ("Subject Property") – where Plaintiff at one time resided, from which she was apparently evicted, and in which she assertedly continues to hold a property interest.

On September 9, 2014, the named Defendants filed a Motion to Dismiss Complaint ("Motion to Dismiss") which was noticed for hearing before the assigned District Judge on October 17, 2014. On September 10, 2014, in accordance with General Order 05-07, this matter was transferred from the previously assigned Magistrate Judge and referred to the above-captioned Magistrate Judge. On September 15, 2014, the District Judge vacated the hearing on the Motion to Dismiss.

Separate and apart from the pending Motion to Dismiss and in light of the fact that Plaintiff is proceeding *in forma pauperis*, the Court must screen the Complaint, and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("section 1915e not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (statutory authority clear: courts shall dismiss case "*at any time*" if court determines action fails to state claim on which relief may be granted) (emphasis in original; citation omitted), cert. denied, 525 U.S. 1154 (1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8664 DMG(JC) | Date | July 8, 2015 |
|---|---|---|---|
| Title | Harolyn Rhue v. Signet Domain LLC, et al. | | |

Based on the Court's review of the Complaint and related proceedings of which it has taken judicial notice, and for the reasons explained below, the Court dismisses the Complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] In light of such ruling, the Motion to Dismiss is moot and is denied as such.

**II.     Governing Standards**

In determining whether a complaint fails to state a claim for purposes of screening under 28 U.S.C. § 1915(e)(2)(B), the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

Further, under Rule 10 of the Federal Rules of Civil Procedure, a party is required to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A *pro se* plaintiff's pleadings are liberally construed to afford the plaintiff "the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)) (internal quotation marks omitted). If, however, a court finds that a *pro se* complaint has failed to state a claim, dismissal may be with or without leave to amend. Lopez, 203 F.3d at 1126-30. *Pro se* plaintiffs should be permitted leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured. Id. at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

A court may take judicial notice of court records in assessing whether an *in forma pauperis* complaint should be summarily dismissed. Diamond v. Pitchess, 411 F.2d 565, 566 (9th Cir. 1969).

---

[1] A magistrate judge can dismiss a complaint with leave to amend without approval of a district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8664 DMG(JC) | Date | July 8, 2015 |
|---|---|---|---|
| Title | Harolyn Rhue v. Signet Domain LLC, et al. | | |

**III.    Current Complaint and Other Judicially Noticed Proceedings**[2]

    **A.    First Bankruptcy Action (CACD Case No. 10-42529)**

On August 4, 2010, Rhue initiated the First Bankruptcy Action by filing a Chapter 13 Voluntary Petition. On February 28, 2011, the bankruptcy court dismissed Rhue from the First Bankruptcy Action. On September 13, 2011, the First Bankruptcy Action was dismissed and closed.

    **B.    Second Bankruptcy Action (CACD Case No. 11-43530)**

On August 6, 2011, Rhue initiated the Second Bankruptcy Action by filing a Chapter 13 Voluntary Petition. On January 20, 2011, the bankruptcy court dismissed Rhue from the Second Bankruptcy Action. On March 23, 2012, the Second Bankruptcy Action was dismissed and closed.

    **C.    Third Bankruptcy Action (CACD Case No. 12-22484)**

On April 9, 2012, Rhue initiated the Third Bankruptcy Action by filing a Chapter 13 Voluntary Petition. On April 27, 2012, the bankruptcy court dismissed Rhue from the Third Bankruptcy Action. On June 5, 2012, the Third Bankruptcy Action was dismissed and closed.

    **D.    First State Action (LASC GC049466) and First Federal Action (CACD CV 12-5394)**

On May 18, 2012, Rhue, who was then represented by counsel, filed a complaint in the First State Action ("First State Complaint") asserting multiple claims against Wells Fargo Home Mortgage, Inc. ("Wells Fargo") and others related to the Subject Property. The First State Complaint alleged that

---

[2]The Court takes judicial notice of court records in the following cases: (1) In re Harolyn Rhue, Central District of California ("CDCA") Bankruptcy Case No. 10-42529 ("First Bankruptcy Action"); (2) In re Harolyn Rhue, CDCA Bankruptcy Case No. 11-43530 ("Second Bankruptcy Action"); (3) In re Harolyn Rhue, CDCA Bankruptcy Case No. 12-22484 ("Third Bankruptcy Action"); (4) Harolyn Rhue v. Sam Nam, et al., CDCA Bankruptcy Case No. 13-01816 ("Fourth Bankruptcy Action"); (5) In re Harolyn Rhue, CDCA Bankruptcy Case No. 13-19733 ("Fifth Bankruptcy Action"); (6) Harolyn Rhue v. Wells Fargo Home Mortgage, Inc., et al., Los Angeles County Superior Court ("LASC") Case No. GC049466 ("First State Action"); (7) Harolyn Rhue v. Wells Fargo Home Mortgage, Inc., et al., CDCA Case No. CV 12-5394 SVW(VBK) ("First Federal Action"); (8) Signet Domain LLC [etc.] v. Harolyn Rhue, et al., LASC No. 12U00644 ("Second State Action" or "Unlawful Detainer Action"); (9) Signet Domain LLC [etc.] v. Harolyn Rhue, et al., CDCA Case No. 12-9433 MWF(E) ("Second Federal Action"); and (10) Signet Domain LLC [etc.] v. Harolyn Rhue, et al., CDCA Case No. 14-4995 UA ("Third Federal Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8664 DMG(JC) | Date | July 8, 2015 |
|---|---|---|---|
| Title | Harolyn Rhue v. Signet Domain LLC, et al. | | |

Rhue was then the owner of the Subject Property, that she had obtained a mortgage loan to purchase/refinance the Subject Property, that proceedings were ongoing to foreclose against the Subject Property, and that Rhue was suing the defendants therein to stop their attempt to sell the Subject Property at any future trustee's sale and to deprive her of her residence without a lawful claim to the Subject Property. On June 21, 2012, Wells Fargo removed the First State Action to federal court and thereby initiated the First Federal Action. On July 31, 2012, Rhue filed a First Amended Complaint in the First Federal Action. On November 27, 2012, the assigned District Judge dismissed the First Amended Complaint in part with leave to amend and in part with prejudice. On December 12, 2012, Rhue voluntarily dismissed the First Federal Action without prejudice and the case was closed.

> E.    **Second State Action/Unlawful Detainer Action (LASC 12U00644) and Second Federal Action (CACD 12-9433)**

On September 19, 2012 – while the First Federal Action was still pending – Signet Domain (as Trustee for Lauren Trust Dated 8/23/12) filed a Complaint for Unlawful Detainer against Rhue in the Second State Action ("Unlawful Detainer Complaint"). The Unlawful Detainer Complaint alleged that Rhue was a former owner of the Subject Premises, that on or about August 8, 2012, Signet Domain became the owner of the Subject Property by purchasing it in foreclosure proceedings, that any preexisting right Rhue may have had to the Subject Property was extinguished by the foreclosure sale, but that Rhue refused to quit the premises as required by law. On November 2, 2012, Rhue, proceeding *pro se*, removed the Second State Action to federal court and thereby initiated the Second Federal Action. On January 4, 2013, the assigned District Judge remanded the case back to Superior Court. See infra Part III H.

> F.    **Fourth Bankruptcy Action (CACD Case No. 13-19733)**

On April 15, 2013, plaintiff initiated the Fourth Bankruptcy Action by filing a Chapter 13 Voluntary Petition. On May 29, 2013, the Fourth Bankruptcy Action was converted to a Chapter 7 case. On June 3, 2013, plaintiff filed an "emergency motion to quash wrongful execution of w[r]it of possession [etc.]" and application to shorten time on the same. On June 12, 2013, the bankruptcy court denied plaintiff the relief she sought. On October 29, 2013, the bankruptcy court dismissed plaintiff from the Fourth Bankruptcy Action. On November 27, 2013, the Fourth Bankruptcy Action was dismissed and closed.

> G.    **Fifth Bankruptcy Action (CACD Case No. 13-1816)**

On August 12, 2013 – after the bankruptcy court denied Rhue's emergency motion in the Fourth Bankruptcy Action but while such action was still pending – Rhue initiated the Fifth Bankruptcy Action – an adversary proceeding against Signet Domain and Nam – the Defendants in the instant action – by filing a complaint therein ("Bankruptcy Complaint"). The Bankruptcy Complaint alleged in pertinent part that Rhue was the real and only land and title holder of the Subject Property and that Signet Domain and Nam had illegally obtained "color of title" of the Subject Property at a foreclosure sale. On March

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8664 DMG(JC) | Date | July 8, 2015 |
|---|---|---|---|
| Title | Harolyn Rhue v. Signet Domain LLC, et al. | | |

13, 2014, the bankruptcy court granted a motion to dismiss the adversary proceeding. On April 10, 2014, the Fifth Bankruptcy Action was closed.

      H.      **Second State Action/Unlawful Detainer Action (LASC 12U00644) and Third Federal Action (CACD Case No. 14-4995)**

      On June 26, 2014, Rhue, again proceeding *pro se*, initiated the Third Federal Action by filing a request to proceed *in forma pauperis* and lodging a notice of removal of the Second State Action/Unlawful Detainer Complaint. On July 9, 2014, the Chief District Judge denied Rhue's request to proceed *in forma pauperis* in the Third Federal Action and summarily remanded the case back to Superior Court.

      I.      **Current Complaint**

      As noted above, on November 22, 2013 – after Rhue had been dismissed from the Fourth Bankruptcy Action and had initiated the Fifth Bankruptcy Action, but before the Fifth Bankruptcy Action had been dismissed and Rhue had initiated the Third Federal Action attempting to remove the Unlawful Detainer Action for the second time – Rhue filed the Current Complaint asserting multiple claims against Signet Domain, Nam and Does 1-10, inclusive. More specifically, she asserts the following causes of action: (1) "Violations of Article 5 and 14 of the U.S. Constitution"; (2) "Civil Conspiracy"; (3) "Violation of the right of color"; (4) "Deprivation of rights"; and (5) "Violation of Civil Rights".

      Very liberally construed in light of the context afforded by the above-referenced matters as to which the Court has taken judicial notice and in the light most favorable to Rhue, the Current Complaint appears to allege the following:

      Plaintiff is an African American resident of Los Angeles, California. (Complaint at 2, 3). Even though she was in possession of the Subject Property, she was not permitted to provide facts or afforded a hearing in the Unlawful Detainer Action. (Complaint at 4). While she was in the process of settling matters relating to the Subject Property with Wells Fargo and while bankruptcy proceedings were ongoing and a stay was in place, defendants, without obtaining relief from the stay, caused her to be evicted. (Complaint at 4). Defendants effectively deprived her of property without due process in violation of the Fifth Amendment and effectively denied her equal protection in violation of the Fourteenth Amendment. (Complaint at 4). Defendants conspired to deprive plaintiff of her rights and to victimize her. (Complaint at 5). Defendants violated a bankruptcy stay without seeking relief therefrom and committed a fraud upon the court in seeking title to and possession of the Subject Property. (Complaint at 6). Defendants' actions violated plaintiff's civil rights under 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and the Americans with Disabilities Act ("ADA"). (Complaint at 7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8664 DMG(JC) | Date | July 8, 2015 |
|---|---|---|---|
| Title | Harolyn Rhue v. Signet Domain LLC, et al. | | |

**IV.     Discussion**

The Complaint is deficient in multiple respects, including those discussed below.

First, the Complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. It is argumentative and prolix, and replete with a mishmash of conclusory and overlapping factual and legal assertions against all of the defendants lumped together as a group.  The paragraphs are not consecutively numbered and the claims are not each limited as far as practicable to a single set of circumstances."  Cf. Sparling v. Hoffman Construction Company, Inc., 864 F.2d 635, 640 (9th Cir. 1988) (complaint that contains factual elements of cause of action scattered throughout complaint and not organized into "short and plain statement of claim" may be dismissed for failure to satisfy Rule 8(a)); Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (Rule 8(a) has been held to be violated by pleading that was needlessly long, or complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.").

Second, to the extent plaintiff attempts to sue defendants directly under the United States Constitution for asserted violations of provisions thereof (see, e.g., first cause of action predicated on "Article" 5 and 14 of the U.S. Constitution),[3] she cannot do so.  As stated by the Ninth Circuit in Azul–Pacifico, Inc. v. Los Angeles, 973 F.2d 704, 705 (9th Cir.1992), cert. denied, 506 U.S. 1081 (1993), a "[p]laintiff has no cause of action directly under the United States Constitution . . . . [A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983 ["Section 1983"]."

Third, plaintiff fails to state a plausible or viable claim under Section 1983.  To state a claim under Section 1983, a plaintiff must allege that:  (1) a right secured by the Constitution or laws of the United States was violated, and (2) the deprivation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).  Here, the Defendants are a private individual and a private entity and are not plausibly alleged to have been acting under color of state law.  See also Harper v. Federal Land Bank of Spokane, 878 F.2d 1172, 1178 (9th Cir. 1989) (fact that state permits use of foreclosure procedures and subsequent sheriff sales as execution of judgment not sufficient to constitute state action for purposes of Section 1983), cert. denied, 493 U.S. 1057 (1990). Moreover, plaintiff's conclusory allegations that Defendants have deprived her of her constitutional rights (Complaint at 4, 6-7), are insufficient to state a Section 1983 claim.  See Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (Vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim under Section 1983.) (citing Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)); see also Iqbal, 129 S. Ct. 1937, 1951-53 (2009) (conclusory allegations in complaint which amount to nothing more than a "formulaic recitation of the elements" are insufficient under pleading standard in Fed. R. Civ. P. 8) (citations omitted).

---

[3]Plaintiff incorrectly refers to the 5th and 14th "Articles" of the Constitution instead of the 5th and 14th *Amendments* to the Constitution.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8664 DMG(JC) | Date | July 8, 2015 |
|---|---|---|---|
| Title | Harolyn Rhue v. Signet Domain LLC, et al. | | |

    Fourth, the Complaint fails to state a viable Section 1983 conspiracy claim. Plaintiff's conclusory speculation that "Defendants conspired and agreed to implement a scheme to deprive . . . Plaintiff . . . of her Civil Rights" (Complaint at 5) is insufficient to state a claim that any specific defendant violated the Constitution, let alone that two or more defendants conspired to do so. Johnson v. State of California, 207 F.3d 650, 655 (9th Cir. 2000) ("mere allegation of conspiracy without factual specificity is insufficient") (citation and quotation marks omitted).

    Fifth, plaintiff's cursory recitations of multiple statutory citations (see, e.g., Complaint at 7, referencing, *inter alia*, 42 U.S.C. §§ 1981, 1985, 1986), fall well short of stating a viable claim predicated upon such provisions.

    Finally, the Complaint is also deficient to the extent it sues "Doe" defendants. As a general rule, the use of fictitiously named defendants is disfavored in federal court. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Unidentifiable Doe defendants may be dismissed from the complaint. See id.; McConnell v. Marine Engineers Beneficial Association Benefit Plans, District 1 - Pacific Coast District, 526 F. Supp. 770, 774 (N.D. Cal. 1981). Here, at a minimum, plaintiff's failure to make individualized allegations regarding the Doe Defendants is improper. While plaintiff may sue up to ten unidentified defendants as Doe defendants (see Local Rule 19-1), she is required to make individualized allegations about each such Doe defendant and may not merely name an indistinguishable group of Doe defendants. At a minimum, plaintiff must refer to each unidentified defendant by a separate fictitious name (*i.e.*, "John Doe No. 1," "John Doe No. 2," etc.) and allege facts that demonstrate a causal link between each such individual's actions and an alleged constitutional violation.

**V.   Orders**

    In light of the foregoing, IT IS HEREBY ORDERED:

    1.    Plaintiff's Complaint is dismissed with leave to amend.

    2.    The Motion to Dismiss is denied as moot.

    3.    In the event plaintiff continues to wish to attempt to state a claim against defendants, plaintiff is granted leave to file a First Amended Complaint by **July 22, 2015**. Any First Amended Complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the Complaint or incorporate by reference any matters contained therein; (c) contain a "short and plain" statement of the claim for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) set forth clearly the sequence of events giving rise to the claim for relief; (g) allege with sufficient specificity what each defendant did and how each defendant's conduct assertedly violated plaintiff's civil rights; and (h) not add defendants or claims without leave of Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8664 DMG(JC) | Date | July 8, 2015 |
|---|---|---|---|
| Title | Harolyn Rhue v. Signet Domain LLC, et al. | | |

**Plaintiff is cautioned that the failure timely to file a First Amended Complaint may result in the dismissal of this action with or without prejudice on the grounds set forth above and/or for failure diligently to prosecute.**

4.      The Clerk is directed to provide plaintiff with a Central District of California Civil Rights Complaint Form to facilitate plaintiff's filing of a First Amended Complaint in the event plaintiff elects to proceed in that fashion.

IT IS SO ORDERED.

Initials of Deputy Clerk: hr