UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-8664 DMG(JC) | Date | July 24, 2015 |
| Title | Harolyn Rhue v. Signet Domain, LLC, et al. | Page | 1 of 2 |

Present: The Honorable   Jacqueline Chooljian, United States Magistrate Judge

| Hana Rashad | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff | Attorneys Present for Defendants |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS -- ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On July 22, 2015, Plaintiff Harolyn Rhue filed the operative First Amended Complaint against Defendants Sam Nam and Signet Domain, LLC. ("First Amended Complaint" or "FAC" [Doc. # 43].) The First Amended Complaint alleges that this Court has jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332. (FAC at 2, ¶ 2). It further alleges that Plaintiff is a "resident" of the "State of California." (FAC at 2, ¶¶ 2, 4).

First, the First Amended Complaint alleges that Plaintiff is a "resident" of the "State of California" (FAC at 2, ¶¶ 2, 4) and that Defendant Sam Nam is a "resident[] of [a] State[]" other than the "State of California." (FAC at 2, ¶ 2).

Plaintiff does not allege her own citizenship or Nam's citizenship. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The *Kanter* court explained:

> To be a citizen of a state, a natural person must first be a citizen of the United States. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989). The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *See, e.g.*, *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-8664 DMG(JC)** | Date | July 24, 2015 |
| Title | **Harolyn Rhue v. Signet Domain, LLC, et al.** | Page | 2 of 2 |

the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.").

*Id.*

To invoke diversity jurisdiction, Plaintiff must allege her own citizenship and Nam's citizenship, not merely their states of residency. *Id.*

Second, the First Amended Complaint alleges that Defendant Signet Domain, LLC is a "resident[] of [a] State[]" other than the "State of California." (FAC at 2, ¶ 2). An LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The First Amended Complaint fails to adequately allege the citizenship of Signet Domain, LLC, because it does not state the citizenship of each of the LLC's owners and/or members.

Accordingly, Plaintiff fails to allege that complete diversity of citizenship exists.

Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a response by no later than **August 7, 2015**.

**IT IS SO ORDERED.**